UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNATHAN PIERCE BEEN,<br>TDCJ No. 02155954,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>　　　　　　　Respondent. | §§§§§§§§§§§§§ | Civil No. SA-19-CA-01176-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Johnathan Pierce Been's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Davis's Answer (ECF No. 15), and Petitioner's Reply (ECF No. 17) thereto. Petitioner challenges the constitutionality of his 2017 state court conviction for indecency with a child by exposure, arguing (1) he was never served with a copy of his indictment, (2) he was charged with two counts of indecency with a child by exposure in violation of double jeopardy, (3) irrelevant video evidence was obtained during discovery, and (4) he received ineffective assistance of trial counsel by counsel's failure to object to these errors. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In September 2017, Petitioner plead *nolo contendere* to indecency with a child by exposure (enhanced) and was sentenced to five years of imprisonment. *State v. Been*, No. 2017-CR-7167 (186th Dist. Ct., Bexar Cnty., Tex. Sept. 1, 2017); (ECF No. 16-10 at 7). The Fourth Court of Appeals dismissed Petitioner's subsequent appeal for lack of jurisdiction because Petitioner failed to timely file a notice of appeal. *Been v. State*, No. 04-18-00010-CR (Tex. App.—San Antonio, Feb. 7, 2018, no pet.); (ECF No. 16-2). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA).

Instead, Petitioner filed a state habeas corpus application challenging his conviction and sentence on March 19, 2018, but the TCCA dismissed the petition on May 9, 2018, because mandate had not issued at the time the petition was filed in the trial court and thus Petitioner's conviction was not yet final. *Ex parte Been*, No. 88,346-01 (Tex. Crim. App.); (ECF Nos. 16-4, 16-7 at 2). Shortly thereafter, Petitioner filed a second state habeas application on May 21, 2018, which was eventually denied without written order by the TCCA on December 5, 2018. *Ex parte Been*, No. 88,346-02 (Tex. Crim. App.); (ECF Nos. 16-11, 16-13 at 20). Petitioner then waited until September 9, 2019, to place the instant federal habeas petition in the prison mail system. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final October 2, 2017, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on October 2, 2018. Because Petitioner did not file his § 2254 petition until September 9, 2019—almost a year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A. <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

However, Petitioner is entitled to tolling under § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner's first state habeas application does not toll the

---

[1] Although Petitioner attempted to file an appeal of this adjudication almost three months later, this appeal did not constitute a "direct review" under § 2244(d)(1)(A) because it was dismissed as untimely. ECF No. 16-2 at 2; *see Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004) (finding that a timely-filed state appeal constitutes "direct review" under § 2244(d)(1)(A) even though the appeal is later dismissed for want of jurisdiction).

limitations period because the TCCA dismissed the application for failing to comply with the Texas Rules of Appellate Procedure. As such, the first application was not "properly filed" under § 2244(d)(2) and affords Petitioner no tolling effect. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").[2] But Petitioner's second state habeas application—properly filed in the trial court on May 11, 2018, and later denied by the TCCA December 5, 2018—tolls the limitations period for a total of 198 days, making his federal petition due on April 17, 2019. Again, Petitioner did not file his § 2254 petition until September 9, 2019, almost five months too late.

## B. Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case.

---

[2] Indeed, the Supreme Court has indicated that a state court's ruling that a state habeas application was not properly filed is "the end of the matter," precluding such application's tolling of the statute of limitations for purposes of the filing of a federal habeas petition. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2).").

4

Petitioner did not reply to Respondent's assertion of the statute of limitations in this case, nor did his petition provide this Court with any valid reason to equitably toll the limitations period. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Although all of the claims raised by Petitioner concern matters that occurred prior to his pleading guilty in September 2017, Petitioner does not attempt to demonstrate that the claims could not have been discovered and presented at an earlier date, much less explain why he waited nine months from the denial of his second state habeas application before raising the allegations in the instant federal petition. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Johnathan Pierce Been's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2.  No Certificate of Appealability shall issue in this case; and

3.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the \_\_\_6\_\_\_ day of January, 2020.

DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE